Dear Mr. Dionisi:
You requested an opinion from the Attorney General regarding the Louisiana Deferred Compensation Plan (the "Plan"). You note that the Plan was established in accordance with R.S. 42:1301-1308 and IRC Section 457
for the purpose of providing supplemental retirement income to employees and independent contractors of a Louisiana public employer, by permitting such individuals the opportunity to defer a portion of their compensation into the Plan. The Plan has grown to over 32,000 participants, deferring monies from over 300 payroll centers.
Currently, participants and employers are utilizing the Plan under the following scenarios:
 1. As a voluntary plan, with employee only deferrals, separate from and in addition to a primary retirement plan or Social Security coverage.
 2. As a mandatory plan, with employee only deferrals, in lieu of Social Security coverage (as per IRC Section 3121).
 3. As a mandatory plan, with employee and employer contributions, in lieu of Social Security coverage (as per IRC Section 3121).
 4. As a voluntary plan, with employee contributions and employer match, as a supplemental retirement benefit, separate from and in addition to a primary retirement plan or Social Security coverage.
You stated that you have been contacted by the Executive Director of the Louisiana Clerks Association as to whether an employer (the clerk of court) may elect to make matching contributions on behalf of an employee (whether classified or non-classified), and/or on behalf of an elected or appointed official (serving at a prescribed compensation level or per diem). The clerk of court would establish a benefit for employees as described in No. 4 above for employees currently employed under the State's defined benefit pension plan.
In answer to your question, we have reviewed the laws and constitutional provisions relevant to this issue, and can find no prohibition against the implementation of a voluntary supplemental retirement plan with employee contributions and employer match, which will be separate from, and in addition to, a primary retirement plan. We specifically find that, if the plan constitutes an authorized pension program, voluntary and/or involuntary contributions made by an employer would not be prohibited under the Constitution and laws of this state. Article VII, Section 14 (B) (2). In accord are Op.Atty.Gen. Nos. 00-193, 99-236, 98-490, 96-162 and 95-473.
Further, we see no prohibition for such a plan to involve matching contributions by the employer on behalf of an employee and/or an elected or appointed official, with one exception. It is axiomatic that, if the maximum salary and/or per diem of a public official or employee is fixed by statute, that salary and/or per diem constitutes the maximum that can be received by the official or employee, in the absence of legislation providing otherwise. In this regard, we call your attention to R.S. 13:782
(A) (2), which provides as follows:
 A.(2) Nothing in this Section shall be construed to limit clerks from participation in an approved state deferred compensation plan as specified in R.S. 42:1301
et seq. A clerk shall not authorize or receive an employer contribution that would be more favorable than that offered to the employees of the clerk's office. (Emphasis added)
Accordingly, it is the opinion of this office that a clerk of court may elect to make matching contributions to the Plan on behalf of an employee (whether classified or non-classified) and/or on behalf of an elected or appointed official (serving at a prescribed compensation level or per diem). It is further the opinion of this office that R.S. 13:782 (A) (2) permits contributions to the Plan to cause the maximum salaries for clerks set forth in R.S. 13:782 (A) (1) to be exceeded.
Care should be taken in the implementation of the plan so that the total amount of employee contributions eligible for shelter does not exceed that allowable under federal law. Any questions relating to federal laws on this subject matter should be directed to the Internal Revenue Service.
Trusting this adequately responds to your inquiry, we remain
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: ___________________________ MARTHA S. HESS Assistant Attorney General